# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN OSCAR, : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:19-0760 |
| v. : | |
| : | (Judge Mannion) |
| Warden, : | |
| Respondent : | |

## MEMORANDUM

Jean Oscar, an inmate confined in the Allenwood United States Penitentiary, White Deer, ("USP-Allenwood"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Petitioner claims that he is filing a "writ of habeas corpus ad prosequendum" to challenge his "present physical confinement and unlawful custody." Id. Petitioner, however, fails to assert any specific claim regarding his underlying conviction or sentence. Id. Rather, Petitioner raises issues regarding his conditions of confinement, such as "Customary International Law prohibits several practices, such a slavery, state-sponsored murders and kidnappings, tortures, arbitrary detention, systematic racial discrimination and violation of generally accepted human rights standard." Id. Petitioner further claims that "the United States is a 'part' to several treaties that explain how prisoners should be treated" and that "the United States has ratified three human rights

1

treaties that address the rights of prisoners: the Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment; the International Covenant on Civil or Political Rights and the International Convention on the Elimination of all forms of Racial Discrimination." Id. He concludes "however, that the United States has limited the ability of individuals to use the rights created by these treaties" and "so this motion should be order and granting according to above by releasing [Petitioner] from unlawful custody in violation of the Constitution or laws or treaties of the United States." Id.

## II.     **Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., [Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979)](). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous,

or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's challenge to the conditions of his confinement is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully as a result of his conviction. Rather, Petitioner seeks release as a result of his alleged unfair treatment of prisoners in general. Such generalized statements of unfair treatment, however, do not legally effect the length of his sentence. While Petitioner seeks release, his allegations are not properly directed toward the fact or duration of his confinement, but rather to the conditions of his confinement. Therefore, his

claims are not properly asserted in a habeas petition brought under 28 U.S.C. §2241, but rather must be pursued through the filing of a Bivens[1] action. His actual claims do not lie at the "core of habeas" in that they do not challenge the fact or length of a sentence or confinement. Therefore, they are not cognizable in a §2241 petition. See Preiser, 411 U.S. at 500; see Leamer, 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice to any right Oscar may have to reassert his claim in a properly filed civil rights complaint.

### III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 10, 2019**
19-0760-01

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).